110 F.3d 65
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Leroy MANESS, Defendant-Appellant.
 No. 96-6097.
 United States Court of Appeals, Sixth Circuit.
 March 24, 1997.
 
 Before: KEITH, NELSON, and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Thomas Leroy Maness appeals a district court judgment of conviction and sentence following Maness's guilty plea to armed bank robbery in violation of 18 U.S.C. § 2113(d). The district court sentenced Maness to 188 months of imprisonment and five years of supervised release, ordered Maness to pay restitution in the amount of $3,304.05, and imposed a $50.00 special assessment. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In this timely appeal, Maness's counsel has filed a motion to withdraw his representation and a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he raises the following arguments: 1) whether Maness entered a valid guilty plea; and 2) whether the district court properly ordered Maness's sentence to run consecutively to an undischarged term of imprisonment. Maness has not responded to his counsel's motion to withdraw.
 
 
 3
 Upon review, we conclude that Maness's claims are without merit. Maness voluntarily, knowingly, and intelligently entered his guilty plea. At the guilty plea hearing, the district court determined that Maness was competent to enter his plea, was satisfied with his attorney's representation, and understood the rights he was waiving. Maness acknowledged that he was pleading guilty and that no threats or promises had been made to coerce his guilty plea. The court explained the applicable statutory maximum sentences, the operation of the Sentencing Guidelines, and the potential actual time Maness could serve. In addition to Maness's description of the factual basis underlying his plea, an FBI agent described in detail the events underlying Maness's offense. Maness acknowledged his guilt of this crime. Consequently, the district court complied with the requirements of Fed.R.Crim.P. 11(c) and (d) in accepting Maness's plea. While the court did not specifically embody the disposition provided for in the plea agreement into the court's judgment as required by Rule 11(e)(3), the court did sentence Maness in accordance with the terms of the plea agreement. Therefore, any error was harmless because it did not affect Maness's substantial rights. See Fed.R.Crim.P. 11(h).
 
 
 4
 Further, the district court properly imposed Maness's sentence to run consecutively to an undischarged term of imprisonment. At the time of the imposition of his current sentence, Maness was in prison following the revocation of his parole for a 1978 armed bank robbery arising in the Western District of Kentucky. Maness now argues that the district court did not articulate its reasons for imposing his current sentence consecutively to the sentence resulting from his parole revocation. However, Maness did not object to the district court's imposition of a consecutive sentence and, consequently, this court can only review the district court's sentence for plain error. United States v. Sherrod, 33 F.3d 723, 724 (6th Cir.1994), cert. denied, 115 S.Ct. 1317 (1995). Since Maness was completing service of a prior federal sentence resulting from the revocation of his parole, the Guidelines direct that the sentence for the instant offense should be imposed consecutively. See USSG § 5G1.3, comment. (n. 6). Because this commentary is authoritative and binding on the district court, Stinson v. United States, 508 U.S. 36, 42-44 (1993), the district court did not commit plain error in failing to elaborate its reasons for imposing consecutive sentences.
 
 
 5
 Lastly, we have examined the record in this case and conclude that no reversible error is apparent.
 
 
 6
 Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.